## CONNETT, Appellant, *vs.* HAMILTON, Respondent.

1. An action under the seventh section of the act concerning witnesses, (R. S. 1845,) against a person for failing to attend as a witness, when duly summoned, &c., may be begun before the determination of the suit.

2. In such a case, a transcript of the subpœna served on the party, and of the record of a part of the proceedings in the case, is admissible evidence, although the full record is not offered.

### *Appeal from Buchanan Circuit Court.*

*Loan*, for appellant.

The transcript of the record of the subpœna, issued from the office of the clerk of the Clinton Circuit Court, and which was served on the defendant, James Hamilton, was legal and competent, and tended to prove, in part, matters material to the issue before the jury.

RYLAND, Judge, delivered the opinion of the court.

The facts of this case appear from the record, as follows :

William C. Connett, the appellant, commenced his action before a justice of the peace, on an account, the statement of which, as filed with the justice, is as follows :

" Mr. James F. Hamilton,

" To William C. Connett, Dr.

" For twenty-four dollars and ninety-five cents that Connett was compelled to pay for costs adjudged against him by the Clinton Circuit Court at the April term thereof, 1850, in the case of William C. Connett v. Levi Judah, upon his (Connett's) application for a continuance of said cause, which said application was made by reason of the said Hamilton's failure to attend the trial of said cause, and to bring with him

a certain deed, after having been duly subpœnaed so to do, and after having his legal fees therefor paid to him, - $24 95
Also, for the sum of four dollars and fifty cents fees
  paid to said Hamilton as a witness in the case of
  Connett v. Judah, after having been duly subpœna-
  ed, and before the day set for trial, and wherein you
  failed to obey the requisitions of the subpœna,      4 50
"For damages sustained by reason of your failure as
  aforesaid,    -   -   -   -   -   -   -   20 00

    "Amount claimed,    -   -   -   -    $49 45
                 "WILLIAM C. CONNETT."

Judgment was rendered by the justice in favor of Hamilton.

Connett appealed, and on the trial in the Circuit Court, he offered to read in evidence, as a part of his testimony, the following transcript:

STATE OF MISSOURI,   } ss.
  County of Clinton,    }

Be it remembered, that on the 28th day of February, A. D. 1850, there issued out of the office of the Circuit Court, within and for the county of Clinton, aforesaid, in the case of William C. Connett against Levi Judah, then pending in said court, a *subpœna duces tecum*, in the words and figures following, to-wit:

The State of Missouri,

              To James Hamilton:

You are hereby commanded, that, all excuses and delays being laid aside, you be and appear before the Judge of our Clinton Circuit Court, at the court house in the town of Plattsburg, on the 17th day of April, A. D. 1850, it being the third day of the next term of said court, and that you bring with you and produce at the time and place aforesaid, a certain warranty deed, executed by Jacob Reece and Elizabeth Reece, and conveying to James Hamilton the north half of the south-east quarter of section number thirteen, in township number fifty-five, of range number thirty-six, in Buchanan

county, in the State of Missouri, bearing date on the 26th day of August, 1847, and then and there to testify and show, all and singular, those things which you know or the said deed doth import, of and concerning a matter of controversy in said court depending, between William C. Connett, plaintiff, and Levi Judah, defendant, on the part of the plaintiff: hereof fail not at your peril.

Witness, Winslow Turner, clerk of our said court, with the seal thereof affixed, at Plattsburg, this twenty-eighth day of February, A. D. eighteen hundred and fifty.

{ L. S. }

WINSLOW TURNER, Clerk.

On which said subpœna is the following return by the sheriff, to-wit:

I served the within subpœna by reading the same to James F. Hamilton, on the 8th day of April, 1850; said Hamilton demanded his fees in advance, which were not paid by me.

WILLIAM W. REYNOLDS,
Sheriff of Buchanan county.

And, afterwards, to-wit, at a term of said court, begun and held at the court house, in the town of Plattsburg, on the 15th day of April, A. D. 1850, among other were the following proceedings, to-wit:

TUESDAY, April 16th, 1850.

William C. Connett,
    vs.    } Trespass.
Levi Judah.

By consent and agreement of the said plaintiff, it is ordered by the court that the costs of the attachment ordered against Edward A. Beauchamp, for not attending as a witness in this cause, be taxed against the said plaintiff; and it is further ordered, that the said attachment be dismissed.

WEDNESDAY, 17th, 1850.

William C. Connett,
    vs.    } Trespass.
Levi Judah.

And now here come the said parties by their attorneys, and,

on motion of the said plaintiff, it is ordered that this cause be continued until the next term of this court, and that the said plaintiff pay the costs of the present term of this court.

STATE OF MISSOURI, ⎰ ss.
 County of Clinton, ⎱

I, Winslow Turner, clerk of the Circuit Court, within and for the county aforesaid, do hereby certify that the foregoing two pages contain true copies of the subpœna to James Hamilton, issued in the case of William C. Connett against Levi Judah, and of the sheriff's return thereon; and also, of all the entries made in said case, at the April term, 1850, of said court.

In testimony whereof, I hereunto set my hand and affix the seal of said court, at Plattsburg, this ninth day of January, A. D. eighteen hundred and fifty-one.

{ L. S. }

         WINSLOW TURNER, Clerk.

William C. Connett, ⎫
   vs.    ⎬ *In the Clinton Circuit Court.*
Levi Judah.   ⎭

Bill of the costs in the above entitled cause, adjudged against the said William C. Connett, at the April term, 1850, of the Clinton Circuit Court:

To William W. Reynolds, sheriff:

For serving subpœnas on six witnesses, at 50 cents, $3 00

To John Steel, sheriff:

For calling cause and parties, - - - - 30

To Jacob Reece, witness:

For one day's attendance and thirty-six miles travel, 2 80

To Benjamin McCray, witness:

For one day's attendance and forty miles travel, - 3 00

To Isaac Lower, witness:

For one day's attendance, and sixty miles travel, - 4 00

To James Isaacs, witness:

For one day's attendance and sixty-four miles travel, 4 20

      Amount carried forward, $17 30

|                                                      |        |       |
|------------------------------------------------------|--------|-------|
| Amount brought forward, $17 30                       |        |       |
| To James F. Hamilton, witness :                      |        |       |
| For one day's attendance and sixty miles travel, -   |        | 4 00  |
| To Winslow Turner, clerk :                           |        |       |
| For six subpœnas, at 50 cents, -                     | $3 00  |       |
| For filing four subpœnas, -        -                 | 20     |       |
| For appearances,        -        -        —          | 20     |       |
| For continuance,        -        -        -          | 25     |       |
|                                                      |        | 3 65  |
| Costs of the attachment against E. A. Beauchamp,     |        | 2 75  |
|                                                      |        | $27 70 |

STATE OF MISSOURI, ⎰
  County of Clinton, ⎱ ss.

I, Winslow Turner, clerk of the Circuit Court, within and for the county aforesaid, do hereby certify that the foregoing is a true and correct taxation of the costs adjudged against William C. Connett, at the April term, 1850, of said court, in the case wherein said William C. Connett was plaintiff, and Levi Judah was defendant, and that the said William C. Connett has paid said costs.

In testimony whereof, I have hereunto set my hand and affixed the seal of said court at Plattsburg, this ninth {L. S.} day of January, eighteen hundred and fifty-one.

WINSLOW TURNER, Clerk.

Clerk's cost, 75 cents.

To the reading of which the defendant objected. The court sustained the objection and excluded the transcript. The plaintiff excepted to the opinion of the court. He afterwards took a non-suit, with leave to move to set the same aside. He afterwards and in due time filed a motion to set aside the non-suit and for a new trial, and therein he assigned the following reasons as cause therefor.

1. The court improperly excluded the transcript from the Circuit Court records of Clinton county, which was offered in evidence by the plaintiff.

2. Said transcript should have been allowed to go to the jury, but was improperly excluded by the court. The court overruled said motion. The plaintiff excepted and tendered to the court a bill of his said several exceptions, and he now brings said cause into this court by appeal, and has assigned for errors the said several opinions of the court below to which he had excepted.

The question before this court involves the propriety of the action of the Circuit Court in excluding and rejecting the evidence offered by the plaintiff below.

In the opinion of this court, the transcript should have been admitted; it was proper evidence to prove that a subpœna had been issued and served on the defendant. The evidence, so far as the subpœna is mentioned, was material and relevant, and ought to have been allowed.

It is our opinion that the properly authenticated copy of a subpœna, issued by a clerk in a suit, is evidence in some cases, and for some purposes, to prove that there was such a suit.

But should the party wish to show what the action was brought for, or what was determined by the court in the suit, or where the original suit becomes the foundation of a subsequent action, there the full record must be offered, and not an extract of it.

1. But in this case, long before the original suit may be determined, for aught we know, the plaintiff here, having caused a subpœna to be issued and served on a witness, who has failed or neglected to attend and obey its mandate, may surely sue such witness, without waiting for a determination of the suit, so as to get a full and complete transcript of the whole case, and on such suit, the subpœna, properly authenticated, would be evidence, and should be admitted, otherwise no action can be maintained by either one of the parties to a suit against a witness who wilfully or negligently causes material injury to him. The right of action against the witness is complete whenever he fails to attend, being properly subpœnaed, and his fees, &c., tendered to him, and such failure has been productive of

damages to the party subpœnaing him, and this right may be enforced by action before the determination of the suit wherein witness was summoned to attend.

2. The Circuit Court erred, therefore, in rejecting the evidence offered by the plaintiff below. The other Judges concurring, the judgment is reversed and cause remanded.